**Richard M. Dockrill, Plaintiff in Error, v. R. P. Thompson, Defendant in Error.**

### Gen. No. 14,204.

FIXTURES—*what not.* Held, that the evidence in the record did not justify the Appellate Court in reversing the judgment of the Municipal Court holding that pews, etc., were not fixtures.

Replevin. Error to the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed February 15, 1909.

EDWY LOGAN REEVES and HARRY A. TIFFANY, for plaintiff in error.

No appearance by defendants in error.

MR JUSTICE BROWN delivered the opinion of the court.

This case was taken on the brief of plaintiff in error alone, the defendants in error not having entered any appearance in this court. But, nevertheless, we cannot disturb the judgment of the Municipal Court. The action was one of replevin. The only question in the case was whether pews, footstools, cushions and pulpit stands were fixtures appertaining to a church building and so annexed to it that under the circumstances and conditions shown in this case, they passed under a trust deed conveying the land on which the church stood, "and all improvements thereon, together with all the appurtenances thereto belonging."

The information we get from the record concerning the matters involved is rather meagre on which to determine a question where such fine distinctions have to be drawn as are necessary in the law of fixtures, and we do not think there is enough shown to warrant us in declaring incorrect the decision of the learned judge of the Municipal Court, before whom the case was tried without a jury.

The facts shown are that Dockrill, the plaintiff, sold on contract two vacant lots to the Zion African Methodist Episcopal Church in October, 1898. The Church bought a frame building somewhere and moved it onto the lots. Probably—although this does not appear except by inference—it then also bought and placed in the church the articles that are the subject of this suit. It does not appear with any particularity of what character they were or are, except that the pews were "black walnut" and the footstools "21 feet long." It does not appear whether any of the articles were, when originally placed in the church building, fastened to it in any way. The church defaulted in its contract pay-

ments, and in October, 1900, Dockrill cancelled the contract. Then he gave the Church a lease of the premises, which of course then included the building the church had placed on the land. The Church paid $100 on account of rent and then defaulted on the lease. However, in November, 1901, the Church, on the expectation of help from a missionary institution, solicited and obtained a deed of the premises, and gave in return notes and a trust deed, which, as above stated, covered, as Dockrill testified, the land and "improvements thereon, together with all the appurtenances thereto belonging."

Dockrill says that he "believed" when he took the trust deed, that the word appurtenances covered and included "the pews and other fixtures" in the church, and that he "asked for a list of the fixtures, which they gave me, showing pews, foot stools, cushions and pulpits." Also that he went on the premises at that time and tried "two or three seats or pews, possibly more," and found they were fastened to the floor with screws and iron clamps. He says he did not try to see if the pulpit was fastened, and did not know how long the seats he tried remained fastened to the floor.

The Church defaulted in the payment of principal and interest, and in March, 1904, Dockrill filed a bill to foreclose the trust deed and obtained a decree for the sale of the mortgaged premises for the full amount of principal, interest and expenditures claimed. The premises were sold under the decree and bought in by Dockrill, to whom a master's deed was issued July 12, 1907. He obtained peaceful possession of the land and church building, but the minister in charge, Mr. Thompson, the defendant in error, had removed the furniture replevied in this action and stored them with Heck & Co., his co-defendants in error. Thompson says that after September, 1906, when he first obtained knowledge of the church, the pews and pulpits were not fastened to the floor. He does not know whether the pews

were so fastened when Dockrill received the trust deed or not.

Although the question involved may be a somewhat close one, we do not think, as we have said, that we have in this record sufficient ground to overthrow the judgment of the Municipal Court even as to the pews, and still less as to the other articles. That judgment is therefore affirmed.

*Affirmed.*